<span style="margin">Lucas v. Clemens and others.</span>

---

## Lucas v. Clemens and others.

Where parties mutually covenant, the one to convey, and the other to perform certain acts as the consideration of the conveyance, the failure of either to perform his part of the covenant gives a right of action to the other on the covenant, although such failure may work a forfeiture of the rights of one of the parties, for the other may waive such forfeiture.

Error to the Circuit Court of St. Louis county.

Geyer for Plaintiff in Error.

Gamble for Defendant in Error.

*Opinion of the Court, delivered by Tompkins, Judge.*

Lucas commenced his action in the circuit court of Saint Louis county, and judgment being there given against him, he prosecutes this writ of error to reverse that judgment. This is an action of covenant brought on a deed sealed and delivered, by the defendants, by their attorneys. The deed set out in the declaration recites, that a joint stock company was formed by the defendants and others, for the purpose of building a hotel in the city of St. Louis, and that such company intended to apply for an act incorporating the said company; and that the defendants, and others of that company, had, by power of attorney, authorised the purchase from the plaintiff of a half square of ground in said city on

sucht erms as they might judge to be expedient, and to bind the said company by contracts and writings in their own names. The deed then recites, that the said attorneys did agree to purchase from the said plaintiff, for the use of said company, for such purpose, the east half of the square immediately north of the court house, fronting 228 feet on Fourth street, at the rate of $150 per foot: that $10,000, part of the consideration money, was to be paid in stock of said company, to be subscribed by the plaintiff, and the residue to be paid in two instalments, one-third thereof in five years after the date thereof with interest at the rate of six per cent. per year, from the date of said deed, and the residue in ten years from such date, with interest at the rate of six per cent. per year, from such date, to be paid annually ; that the said company should be bound to erect a hotel on said half square, and commence the building of the said hotel on or before the first day of April then next, and should complete the same without unnecessary delay, and that the said property should be mortgaged to the said plaintiff to secure the payment of the said purchase money, and the full performance by the said company of all their agreements ; and that in consideration of the premises, the said Lucas did covenant and agree to and with the attorneys of said company, that he would, on the reasonable request of the agents of said company, make, execute, and deliver to them a good and sufficient deed of conveyance of said half square, &c., provided that he be allowed thirty days to execute and deliver such conveyance, after he shall be requested in writing, and that he shall not be bound to deliver such conveyance at any time, unless the party to whom such conveyance is required to be made, shall assure to him a number of shares in the capital stock of said company, amounting to ten thousand dollars, as part of the consideration of said conveyance, and also shall execute and deliver to said John B. C. Lucas, their promissory notes for the residue of the consideration money and interest, payable at the times and in the manner in said agreement specified; also, a covenant binding said company to erect the said hotel on the lots to be conveyed, to commence the same on or before the first

day of April then next, and to complete it without unne-
cessary delay, together with a deed of trust to such person
or persons as shall be named by the said John B. C. Lucas,
to secure the payment of the consideration money and in-
terest according to the tenor and effect of the promissory
notes so to be executed, and the performance of the coven-
ants so to be made and entered into; and that it was fur-
ther agreed between the parties, that the "agreements, acts,
and things, in this agreement contained, to be performed by
or on behalf of the said company before and at the time
when the execution and delivery of the said conveyance
shall be required of the said Lucas, shall be done, performed
and fulfilled, on or before the first day of April next, other-
wise, the said John B. C. Lucas shall be discharged and re-
leased from his covenant and agreements aforesaid, and no
longer be bound thereby, to all intents and purposes, &c."
The declaration then avers, that although the defendants
and their associates were afterwards incorporated, &c., and
that the said company, in part execution of said agreement
and covenants, did enter upon and take possession of the
said half square of ground, and commenced to erect a hotel
thereon, and thence hitherto to occupy and possess said half
square of ground for the purposes aforesaid, and that the
plaintiff hath always from the time of making said coven-
ant done and performed all things on his part to be done and
performed, and still is ready and willing to do and perform
such things according to the tenor and effect and true mean-
ing of the said recited covenants and agreements; yet nei-
ther the said defendants, nor any persons on their behalf,
did or would convey or assure to the said plaintiff any share
or shares in the capital stock of said company, as a part of
the consideration of the said conveyance, nor execute and
deliver to said plaintiff their promissory notes for the resi-
due of the consideration money and interest, payable as in
said agreement specified, nor did they execute or deliver to
said plaintiff any covenant binding the said corporation to
erect the said hotel on the said lots, &c., nor any deed of
trust to secure the payment of the consideration money and
interest, and the performance of the covenants according to

the tenor and effect of the said recited agreement. It is then averred, that a large sum of money, to wit, two thousand dollars, hath long since become due and payable to him, for interest of the purchase money of said half square of ground; according to the terms of said agreement, and that no part thereof has been paid. The defendants pleaded to this declaration, and the plaintiff demurring to the plea, the court decided that the declaration was insufficient, and judgment was rendered for the defendants.

For the defendants below these points are made : 1st. That the stipulations of the company make a defeasance, and according to the declaration, Lucas is owner of the property, discharged of his covenant, and does not appear that he has waived his right under the defeasance. 2d. That unless a waiver of the forfeiture is shown by an averment of an offer to convey, the covenant of Lucas is discharged, and so the others are discharged. 3d. That if the instrument is regarded as containing material covenants, without regarding any forfeiture, then the order of time in which the acts are to be performed is to be ascertained by the character of the acts themselves, and the interest of the parties. 4th. Here the acts of the company are to be secured by a deed of trust, to be given simultaneously with the execution of the notes, and this necessarily supposes that Lucas will have before executed, or will then execute, the deed to the company, so that the acts upon both sides were to be performed at the same time, and, if so, Lucas must aver an offer to perform on his part, before he can recover; which is not done here.

It is provided in the deed that interest shall be paid annually from the date of the deed ; and the defendants, with a laudible integrity, have not left us to ascertain by the character of the acts themselves and the interest of the parties, the order of time in which the acts are to be performed, but they have declared that, "It is the express understanding and agreement of the parties hereunto, that the said John B. C. Lucas shall be allowed thirty days within which to execute and deliver said deed of conveyance after he shall be thereunto required in writing, nor shall he be bound to deliver

· such deed or conveyance at any time, unless the said corporation, or trustees to whom such conveyance is required to be made, being by said company duly authorised for that purpose, shall assure him a number of shares in the capital stock of said company, amounting in the whole to ten thousand dollars, as a part consideration of said conveyance; and shall also execute and deliver to the said John B. C. Lucas their promissory notes for the residue of the consideration money, payable at the times and in the manner in the said recited agreement specified ; also a covenant binding the said company, or corporation, to erect the said hotel on the lots so to be conveyed, to commence the same on or before the first day of April next, and to complete the same without unnecessary delay, together with a deed of trust to such person or persons as shall be named by said Lucas, to secure the payment of the consideration money, according to the tenor and effect of the promissory notes so to be executed. and the performance of the covenants, &c." The defendants, it is averred in the declaration, did in due time enter upon and take possession of the said half square of ground, and do all other things convenient to advance their own immediate interests, but utterly neglected to do any one of the things they were by their agreement bound to do towards securing to the plaintiff payment of the purchase money of the ground ; and they gravely say, that according to the declaration Lucas is the owner of the property, and that unless a waiver of defeasance is shown in the declaration by an averment of an offer to convey, the covenant of Lucas is discharged, and so the others are discharged. To this, it may be replied, that they bound themselves unconditionally by their agreement to pay interest from the date thereof, annually, and to perform all things required by this agreement of theirs to be done before he could be required to convey ; and as he has not chosen to consider their neglect to comply with their contract, as amounting to forfeiture, it is not easy to conceive with what propriety they can claim any advantage from the wrong done by themselves to him. But if the construction of the agreement contended for is given, Lucas is still entitled to interest on the purchase money from

Where parties mutually covenant, the one to convey, and the other to perform certain acts as the consideration of the conveyance, the failure of either to perform his part of the covenant gives a right of action to the other on the covenant, although such failure may work a forfeiture of the rights of one of the parties, for the other may waive such forfeiture.

the date of that instrument, 3rd November, 1836, till the first of April 1837, when they had agreed to execute their notes for purchase money and interest. So, according to the construction of the instrument by the defendants themselves, the declaration ought to have been held to be sufficient. It is not necessary to say what might have been the opinion of this court on the merits of the demand of interest from the date of the agreement till the first of April thereafter, if the defendants had pleaded an offer in due time to execute their part of the agreement, and a refusal or neglect of Lucas to perform his part. It seems to be, however, enough, that he who, by the express terms of the agreement, was not bound to convey till they tendered a performance of their part of the agreement, has not chosen to consider their omissions as a forfeiture of their rights. The construction given by the defendants is very convenient to their own interests. The interest which they have promised to pay, is moderate, and they retain that very moderate interest from year to year, without paying interest on it. In the mean time, it is not probable that they have neglected to file for record the agreement; indeed, that would be useless, for even if he were disposed to sell the ground to any other person, it would be almost impossible to find a purchaser unaffected by notice of the previous contract with this company. So they have nothing to do but sit idle in the enjoyment of his property and the interest on the purchase money, confidant that a court of chancery will at any time when invoked, decree to them a conveyance of premises on payment of interest and further compliance with their contract. In my opinion, the action of covenant well lies on this instrument of writing for damages sustained by Lucas in consequence of the neglect of the defendants to perform their part of the contract, and that the interest on the purchase money, from the date of the writing till the commencement of the action, is the proper measure of damages.

The judgment of the circuit court is reversed, and the cause remanded.